1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7  JAMES H. HUNTER,

8                              Plaintiff,

9        v.

10  SOTERA DEFENSE SOLUTIONS,
   INC., formerly known as GLOBAL
   DEFENSE & TECHNOLOGY
11  SYSTEMS, INC., et al.,

12                              Defendants.

NO:  CV-11-292-RMP

ORDER GRANTING PLAINTIFF'S
MOTION TO SUPPLEMENT THE
RECORD AND GRANTING
DEFENDANTS' MOTION TO
DISMISS

13

14        Before the Court is the motion to dismiss Defendants Global Strategies

15  Group (United Kingdom) Limited, Global Strategies Group Holding S.A., and

16  Global Strategies Group (Middle East) FZE[1] (collectively "Global"), ECF No. 93,

17  and the motion to introduce newly discovered evidence by Plaintiff James Hunter.

18  Telephonic argument was held on both motions.  The Court has reviewed the

19        _____
          [1]Global Strategies Group (Middle East) FZE is now known as Global

20  Integrated Securities (Middle East) FZE.

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

motions, the documents filed in support and in opposition, all relevant filings, and is fully informed.

## BACKGROUND

Plaintiff James Hunter was hired by Global to work security in Baghdad. During one of his deployments for Global, Mr. Hunter's flight itinerary was changed, and he was rerouted through Abu Dhabi instead of Dubai.  Mr. Hunter was traveling with firearms as he was providing his own weapons in performing his employment duties.  He alleges that after arriving in Abu Dhabi, he faced charges of entering Abu Dhabi with firearms and without a proper visa.  He had intended that the firearms travel in such a manner that he would not assume possession of them until landing in Iraq.  However, due to the change in his flight itinerary while he was en route, he ended up entering Abu Dhabi with possession of his firearms.

As a result, Abu Dhabi personnel attempted to verify Mr. Hunter's story that he was a contractor en route to Iraq whose flight had been rerouted.  Mr. Hunter alleges that when Abu Dhabi personnel contacted Global to verify Mr. Hunter's story, Global would not verify that Mr. Hunter worked for them.  As a result, Mr. Hunter was imprisoned for thirty-seven days in Al Wathba Prison and suffered serious injuries.

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

Mr. Hunter brought an action against Global and the airlines in the Eastern District of New York. However, that court dismissed Global from the action for lack of personal jurisdiction. Hunter also brought an action in the Eastern District of New York seeking a declaration that an arbitration provision contained in his employment contract with Global was unenforceable.

The third action brought by Mr. Hunter was an arbitration pursuant to a provision in his employment contract. However, Mr. Hunter withdrew from that arbitration alleging that fees associated with bringing the arbitration reached the tens of thousands of dollars rendering the arbitration agreement unconscionable. Subsequent to withdrawing from the arbitration, Mr. Hunter filed the instant lawsuit.

Global now moves to dismiss this case on three theories: (1) res judicata, (2) lack of personal jurisdiction, and (3) insufficient service of process. ECF Nos. 93, 94. While this motion was pending, Mr. Hunter filed a motion to supplement the record before the Court. ECF No. 111.

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

1

**DISCUSSION**

2

**Plaintiff's Motion to Supplement the Record**

3

Plaintiff has moved to supplement the record before the Court to add three

4

items: (1) a memorandum of decision from another case involving Mr. Hunter;[2] (2)

5

the declaration of Norma Young dated April 24, 2012; and (3) correspondence by

6

Global.  Ultimately, none of this information has an impact on the Court's ruling.

7

As this material has no impact on the Court's ruling on Global's motion to dismiss,

8

the Court finds no prejudice to Global in admitting the information.  Therefore, the

9

Plaintiff's motion is granted.

10

**Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

11

A party may move to dismiss an action on the basis that the court lacks

12

personal jurisdiction over that party.  Fed. R. Civ. P. 12(b)(2).  "In opposing a

13

defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears

14

the burden of establishing that jurisdiction is proper." *Maverix Photo, Inc. v.*

15

*Branch Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  "Where . . . the

16

_____

[2]Mr. Hunter characterizes this memorandum as deciding the issue of

17

jurisdiction for this Court.  ECF No. 112 at 2.  However, the plain language of the

18

memorandum does nothing more than suggest Washington as "arguably" a venue

19

that could exercise personal jurisdiction over Global.  ECF No. 112 at 9.  The court

20

in that case did not find that this Court had jurisdiction over the Global.

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

1  defendant's motion is based on written materials rather than an evidentiary

2  hearing, the plaintiff need only make a prima facie showing of jurisdictional facts

3  to withstand the motion to dismiss." *Id.* "The plaintiff cannot 'simply rest on the

4  bare allegations of its complaint,' but uncontroverted allegations in the complaint

5  must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*,

6  374 F.3d 797, 800 (9th Cir. 2004)).  A court "may not assume the truth of

7  allegations in a pleading which are contradicted by affidavit," but factual disputes

8  are resolved in the plaintiff's favor.  *Id.*

9      Where "no federal statute authorizes personal jurisdiction, the district court

10  applies the law of the state in which the court sits." *Id.*  Washington's long-arm

11  statute provides for personal jurisdiction arising from the "transaction of any

12  business" within the state, the "commission of a tortious act" within the state, or

13  "contracting to insure any person, property, or risk located within [Washington] at

14  the time of contracting."  RCW 4.28.185(1)(a), (b), (d).

15      Jurisdiction must meet constitutional requirements imposed by due process.

16  "For a court to exercise personal jurisdiction over a nonresident defendant

17  consistent with due process, that defendant must have 'certain minimum contacts'

18  with the relevant forum 'such that maintenance of the suit does not offend

19  "traditional notions of fair play and substantial justice."'" *Maverix Photo*, 647

20

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

1    F.3d at 1223 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

2    (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))).

3         ***General jurisdiction.***

4         "'A court may assert general jurisdiction over foreign . . . corporations to

5    hear any and all claims against them when their affiliations with the State are so

6    "continuous and systematic" as to render them essentially at home in the forum

7    state.'"  *Id.* (quoting *Goodyear Dunlop Tires operations, S.A. v. Brown*, 131 S. Ct.

8    2846, 2851 (2011)).  "For jurisdiction to exist, a defendant must engage in

9    'continuous and systematic general business contacts.'"  *Id.* (quoting *Helicopteros*

10   *Nationales de Columbia S.A. v. Hall*, 466 U.S. 408, 415 (1984)).

11        In his first amended complaint, Mr. Hunter fails to allege sufficient facts to

12   establish general jurisdiction over Global.  The totality of facts alleged to support

13   general jurisdiction in Washington are that four people who resided in Washington,

14   including Mr. Hunter, were mailed, were called, were sent money, and were sent

15   plane tickets by Global.  ECF No. 74 at 12.  Mr. Hunter does not argue in favor of

16   general jurisdiction in his memorandum.  *See* ECF No. 102 at 15-18.  The facts

17   alleged simply do not rise to the level of "continuous and systematic" contacts that

18   could warrant an exercise of general jurisdiction.

19        ***Specific jurisdiction.***

20        Specific jurisdiction is analyzed under a three prong test:

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Mavrix*, 647 F.3d at 1227-28 (quoting *Schwarzenegger*, 374 F.3d at 802). The Plaintiff bears the burden of establishing the first two prongs. *Id.* at 1228. If the Plaintiff satisfies the first two prongs, the burden shifts to the Defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp.*, 471 U.S. 462, 476-78 (1985)).

The first prong refers to both "purposeful direction" and "purposeful availment." *Id.* In a tort case, the Ninth Circuit generally utilizes a "purposeful direction" test. *Id.* The "purposeful availment" standard is typically used in contract cases. *Schwarzenegger*, 374 F.3d at 802.

Under the "purposeful direction" test, the court looks to "'whether a defendant "purposefully direct[s] his activities" at the forum state, applying an "effects" test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred in the forum.'" *Mavrix Photo*, 647 F.3d at 1228. This effects test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

harm that the defendant knows is likely to be suffered in the forum state." *Id.*

Nothing in the record supports a finding that Global expressly aimed its conduct at Washington or that Global had any knowledge that harm would arise in Washington. The record makes clear, and there is no dispute, that Global contacted Mr. Hunter for the purpose of employing him abroad. The allegations do not include any harm that occurred in Washington; all of the alleged harm occurred abroad. Accordingly, there can be no personal jurisdiction on a theory of purposeful direction.

Under the "purposeful availment" test, the court typically looks "to evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, the existence of a contract with a resident of a state, by itself, is insufficient to create personal jurisdiction over the non-resident contracting party. *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985)). In determining whether a contract establishes purposeful availment by the defendant, a district court must examine "'prior negotiations and contemplated future

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

1   consequences, along with the terms of the contract and the parties' actual course of

2   dealing.'" *Burger King*, 471 U.S. at 479.

3        While it is unclear from the record exactly how communications between

4   Mr. Hunter and Global began, the allegations in the complaint are that phone calls

5   were made by agents of Global to Mr. Hunter.  ECF No. 74 at 23-24.  If the Court

6   reaches beyond the record filed in support of the instant motion to review Mr.

7   Hunter's earlier filed affidavit, it becomes clearer that an agent of Global did

8   contact Mr. Hunter telephonically and substantial negotiations occurred over the

9   phone.  ECF No. 73 at 32-33.  Accordingly, the negotiations factor weighs in favor

10  of this Court's finding personal jurisdiction.

11       However, all other factors weigh against a finding of jurisdiction.  First, the

12  contract for employment was executed outside Washington State.  ECF Nos. 73 at

13  33; 74 at 15.  The "contemplated future consequences" of Mr. Hunter's

14  employment contract were that he would work in Baghdad, Iraq.  ECF No. 74 at

15  24-25.  The terms of the contract do not reference Washington, and the contract

16  provides for dispute resolution through arbitration in London with the arbiter to

17  apply the law of Dubai and the United Arab Emirates.  ECF No. 74 at 96.  Mr.

18  Hunter understood that, as with the earlier contracts he had engaged in with

19  Global, he would travel through the United Arab Emirates and ultimately work in

20

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

1    Iraq.  ECF No. 74 at 25-26.  Nothing in the record supports any finding that Mr.

2    Hunter performed any work on behalf of Global in Washington.

3          In light of the foregoing, Global's contact with Mr. Hunter in Washington

4    for the purpose of soliciting Mr. Hunter's services and negotiating a contract for

5    those services is insufficient to establish the minimum contacts necessary to

6    support personal jurisdiction.  *See Van Steenwyk v. Interamerican Mgmt.*

7    *Consulting Corp.*, 834 F. Supp. 336, 342 (E.D. Wash. 1993).  Therefore, it would

8    be inconsistent with due process for this Court to assert personal jurisdiction over

9    Global, and the case should be dismissed.

10         Mr. Hunter's argument regarding Washington's laws regulating insurance

11   does not support a different conclusion.  Mr. Hunter argues that Global is, at a

12   minimum, trustee over an insurance trust for Mr. Hunter's benefit as part of its

13   insurance obligation under the employment contract.[3]  ECF No. 112 at 5-6.

14   _____

15         [3]Paragraph 8.1 of the "Independent Contractor Services Agreement" signed

16   by Mr. Hunter states:

17         During the term of this Services Agreement, or any renewal thereof,
         the Company undertakes that, subject to availability on reasonably
         commercial terms, over and above any insurance bought by the
18       Operative in relation to performing the scope of his Services under
         this Services Agreement, that at all relevant times the Company shall
19       put in place personal accident insurance for the benefit of the
         Operative, including provision for death and disability and medical
20       expenses and repatriation insurance.  Any insurance policy obtained
         and/or maintained for the benefit of the Operative shall be in the name

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

1   Consequently, Mr. Hunter argues that Global is subject to the insurance portion of

2   Washington's long arm statute.  However, even if the Court were to conclude that

3   Global should be treated like an insurer based on the terms of the contract, the

4   terms of the contract expressly limit Global's insurance obligation to the duration

5   of the employment contract.  ECF No. 74 at 90, ¶ 8.1.  As noted above, during the

6   employment contract term, Mr. Hunter was to reside in Iraq.  Accordingly, any

7   insurance obligation was aimed at Mr. Hunter's time in Iraq.  Therefore, Global

8   lacks sufficient contacts with Washington such that Global could be said to have

9   availed itself of that state.  *Cf. Travelers Health Ass'n v. Commonwealth of Va. ex*

10  *rel State Corp. Comm'n*, 339 U.S. 643, 647-48 (1950) (concluding that Virginia

11  could exercise personal jurisdiction over a Nebraska insurer that "systematically

12  and widely delivered" insurance certificates "following solicitation" that "create[d]

13  continuing obligations between the [insurer] and each of the many certificate

14  holders in [Virginia].")  Even if treated as an insurer, exercise of personal

15  jurisdiction over Global would not accord with due process.

16      ***National jurisdiction.***

17      Mr. Hunter argues that this Court should assert "National Jurisdiction" under

18  Federal Rule of Civil Procedure 4(k)(2).  In order to establish personal jurisdiction

19  over a defendant under Rule 4(k)(2), a plaintiff must establish three things: (1) the

20  of the Company.  The terms, conditions, restrictions and exclusions
    provided by the insurers shall apply.

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 11

claim against the defendant must arise under federal law; (2) the defendant must not be subject to personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007).

The first amended complaint alleges that the various Global business entities should be treated as a single entity for the purposes of establishing jurisdiction, ECF No. 74 at 9-11, 16-20, and that Sotera Defense Solutions, Inc., which the complaint refers to as Global USA, is one of the Global business entities, *see* ECF No. 74 at 15-17, 19.  Sotera is alleged to have its headquarters in McLean, Virginia, and is incorporated in Delaware.  ECF No. 74 at 10, 15-16.  In light of these contacts with the United States, the Plaintiff has failed to show that Global is not subject to personal or general jurisdiction in either Delaware or Virginia. Therefore, Mr. Hunter has failed to establish jurisdiction under Rule 4(k)(2).

In light of the fact that this Court has concluded that it lacks personal jurisdiction over the Global Defendants, the Court declines to reach the issues of service and the validity and res judicata effect of the arbitration award.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Plaintiff's motion to introduce newly discovered evidence, **ECF No. 111**, is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 12

1    **2.** The Defendant's motion to dismiss, **ECF No. 93**, is **GRANTED**.

2    **3.** This above-captioned action is hereby **DISMISSED WITHOUT**

3    **PREJUDICE** and without costs or fees being charged to any party.

4    **4.** All other pending motions, if any, are hereby **DENIED AS MOOT**.

5    **5. JUDGMENT** shall be entered for the Defendants

6    **IT IS SO ORDERED**.

7    The District Court Executive is hereby directed to enter this Order, to

8    provide copies to counsel, and to **CLOSE** this file

9    **DATED** this 14th of September 2012.

10

11    _____*s/ Rosanna Malouf Peterson*_____
         ROSANNA MALOUF PETERSON
12    Chief United States District Court Judge

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 13